

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA

v. Criminal No. 3:10CR105

GARY DARNELL WILLIAMS

**MEMORANDUM OPINION**

Gary Darnell Williams, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion") (ECF No. 355) and a Motion for Recusal (ECF No. 356). Williams asserts entitlement to relief upon the following grounds:

Claim 1 Williams failed to receive the effective assistance of counsel:[1]
(a) Counsel failed to raise on appeal whether Williams's appellate waiver was knowing and voluntary (§ 2255 Mot. 6);
(b) Counsel failed to inform Williams that the District Judge should have recused himself under 28 U.S.C. § 455 (id. at 7);
(c) At sentencing, counsel lacked knowledge of the applicable law, namely the decision of United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011) (§ 2255 Mot. at 11); and,
(d) Counsel failed to challenge the Government's Motion for an Upward Departure (id. at 12.)

Claim 2 Williams's appeal waiver is not binding or enforceable. (Id.)

Claim 3 The District Court Judge erred in failing to recuse to himself. (Id. at 14.)

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim 4 The District Court administered a procedurally and substantively unreasonable sentence. (Id. at 15.)

The Government has responded. (ECF No. 370.) Williams has filed a reply. (ECF No. 377.) For the reasons set forth below, Williams's claims will be dismissed.

## I. PROCEDURAL HISTORY

### A. Initial Proceedings

On June 2, 2010, a grand jury charged Williams in a Superseding Indictment with one count of conspiracy to commit bank fraud and two counts of bank fraud. (Superseding Indictment 1-3, ECF No. 53.) Williams's crimes involved defrauding numerous banks, including Wachovia Bank. (Id. at 3.)

On June 24, 2010, the Court entered an order advising the parties that the undersigned owned stock in Wachovia Bank and that said institution may be entitled to restitution in the case. (ECF No. 73, at 2.) The Court instructed counsel for Williams, along with counsel for the other defendants, to review Canon 3C(1)(c) of the Canons of Judicial Ethics[2] and file their

---

[2] That provision states:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might be reasonably questioned, including but not limited to instances in which:
>
> . . . .
>
> (c) the judge . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be

position as to whether recusal of the undersigned from the case was appropriate. On July 1, 2010, Peter D. Eliades, counsel for Williams, filed his position with respect to recusal and stated, in pertinent part:

> 3. The defendant and his counsel have had the opportunity to confer outside of the presence of the Judge, and both agree that Judge Payne should not be disqualified from presiding over this case.
> 4. The defendant and his counsel are convinced that Judge Payne's impartiality in this case cannot be reasonably questioned under Canon 3C(1)(c), and that Judge Payne's aforementioned financial interest could not be substantially affected by the outcome of the proceeding (see Canon 3C(1)(d)(iii)).

(ECF No. 90, at 1.)

Thereafter, Williams pled guilty to conspiracy to commit bank fraud. (Plea Agreement ¶ 1, ECF No. 154.) As part of the Plea Agreement, Williams waived his right to appeal any sentence within the statutory maximum of thirty years of imprisonment. (Id. ¶¶ 1, 5.) The Government made "no promise or representation concerning what sentence" Williams would receive. (Id. ¶ 4.)

**B. Sentencing**

Under the Sentencing Guidelines, Williams's offense level of 20 combined with his criminal history category of VI yielded an advisory sentencing range of 70-87 months. (Addendum to

---

> affected substantially by the outcome of the proceeding . . . .

Canons of Judicial Ethics, Canon 3C(1)(c).

Presentence Report, Page A-1.)    The Government filed a motion for an upward departure on the grounds that Williams's criminal history of category VI underrepresented his criminal history and the likelihood that Williams would commit future crimes. (Gov't's Sentencing Position & Mot. Upward Departure 2-3, ECF No. 273.)    The Government suggested a two-level increase to Williams's offense level to account for this alleged underrepresentation.  (Id. at 3.)

At sentencing, the Court agreed that an upward departure was warranted because a criminal history category VI "substantially understates the seriousness of the defendant's criminal history as well as the likelihood of recidivism." (Jan. 31, 2011 Tr. 26.)    Accordingly, the Court assigned Williams an offense level of 24 and a criminal history category VI with a resulting guideline range of 100-125 months of imprisonment. (Jan. 31, 2011 Tr. 28-29.)  The Court ultimately sentenced Williams to 120 months of imprisonment.  (J. 2, ECF No. 285.)

Williams appealed.  The United States Court of Appeals for the Fourth Circuit granted the Government's motion and dismissed the appeal.  United States v. Williams, No. 11-4179, at 1 (4th Cir. June 16, 2011).  The Fourth Circuit noted that "[u]pon review of the plea agreement and the transcript of the Fed R. Crim. P. 11 hearing, we conclude that Williams knowingly and

voluntarily waived his right to appeal and that the issue Williams seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights." Id.

## II. MOTION FOR RECUSAL

Williams seeks the recusal of the undersigned from his § 2255 proceedings. (ECF No. 356.) The pertinent portion of the statute at issue states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> . . . .
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . .

28 U.S.C. § 455(a)&(b)(4). No per se rule exists that requires "recusal in every instance where a judge has an interest in the victim of a crime." United States v. Lauersen, 348 F.3d 329, 336 (2d Cir. 2003); see United States v. Hooper, No. 00-4188, 2000 WL 1208187, at *1 (4th Cir. Aug. 25, 2000) (concluding District Judge's ownership of stock in victim-bank did not require recusal) (citing United States v. Sellers, 566 F.2d 884, 887 (4th Cir. 1977)). Recusal is warranted "only where the extent of the judge's interest in the crime victim is so

substantial, or the amount that the victim might recover as restitution is so substantial, that an objective observer would have a reasonable basis to doubt the judge's impartiality." Lauersen, 348 F.3d at 336-37.

At the time of Williams's plea and sentencing, the undersigned's limited financial interest in Wachovia Bank did not warrant recusal under 28 U.S.C. § 445(a) or (b)(4). See id.; Sellers 566 F.2d at 887. Moreover, the undersigned no longer owns stock in Wachovia Bank or Wells Fargo, the financial institution that purchased Wachovia Bank. The undersigned's prior limited financial interest in one of the victim-banks fails to warrant recusal from these collateral proceedings. Accordingly, Williams's Motion for Recusal (ECF No. 356) will be denied.

## III. DEFAULTED OR PREVIOUSLY REJECTED CLAIMS

Claim 2 is barred from review here because the Fourth Circuit rejected the claim on direct review and Williams fails to direct the Court to an intervening change in the law that would warrant its reconsideration. See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009)(citing cases); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, Claims 3 and 4 are barred from review here. See Jackson v. United States, Nos. 3:08-CR-425, 3:09-CV-766, 2011 WL 1225902, at *3 (E.D. Va. Mar. 31, 2011) ("A petitioner who

waives the right to appeal 'is not precluded from filing a petition for collateral review.  But he is precluded from raising claims that are the sort that could have been raised on appeal." (quoting Linder, 552 F.3d at 396-97)); Hardy v. United States, 878 F.2d 94, 97-8 (2d Cir. 1989)(concluding inmate defaulted recusal claim by not raising it on direct appeal). Moreover, Claim 3 lacks merit for the reasons discussed supra Part II.  Accordingly, Claims 2, 3, and 4 will be dismissed.

## IV.  INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).  The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  In

analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim 1(a), Williams complains that counsel failed to raise on appeal whether Williams's appellate waiver was knowing and voluntary. (§ 2255 Mot. 6) Counsel, however, did raise this issue on appeal. (Gov't's Resp. Ex. C.) Accordingly, Claim 1(a) will be dismissed because Williams fails to demonstrate deficiency or prejudice.

In Claim 1(b), Williams faults counsel for failing to inform Williams that the undersigned should have recused himself under 28 U.S.C. § 455. For the reasons stated more fully supra Part II, Williams fails to demonstrate that the removal of the undersigned was warranted. Accordingly, Claim 1(b) will be dismissed because Williams fails to demonstrate prejudice.

In Claim 1(c), Williams contends that, at sentencing, counsel lacked knowledge of the applicable law. In support of this claim, Williams directs the Court to an instance where the Court asked defense counsel whether he knew of the decision in United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011). (Jan. 31, 2011 Tr. 14.)[3] Defense counsel admitted that he did

[3] The United States Court of Appeals for the Fourth Circuit issued the opinion in Diosdado-Star on January 24, 2011, one week before Williams's sentencing.

not know of the Diosdado-Star decision. (Jan 31, 2011 Tr. 14.) In Diosdado-Star, the Fourth Circuit stated that "the method of deviation from the Guidelines range—whether by a departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." 630 F.3d at 365-66. Williams, however, fails to demonstrate that counsel's lack of familiarity with the above decision adversely affected his sentencing proceedings. Accordingly, Claim 1(c) will be dismissed because Williams fails to demonstrate prejudice.

Finally, in Claim 1(d), Williams notes that the Presentence Report did not contain a recommendation for an upward departure. (§ 2255 Mot. 12.) Williams insists that if the Government wanted an upward departure, it needed to file an objection to the Presentence Report. (Id.) Williams contends that "the government's motion (for upward departure) circumvented the defendant's procedural due process" and counsel should have objected. (Id. (punctuation corrected).)

The Government's position was that the Guidelines were correctly computed, but that Williams's criminal history category of VI "under-represent[ed] his true criminal history and his likelihood of recidivism." (Gov't's Sentencing Position & Mot. Upward Departure 1-2 (citations omitted), ECF No. 273.) Under these circumstances, the Government was not required to file an objection to the Presentence Report. Counsel acted

reasonably in eschewing the objection Williams urges here. Claim 1(d) will be dismissed because Williams fails to demonstrate deficiency or prejudice.

## V. CONCLUSION

Williams's Motion for Recusal (ECF No. 356) will be denied. Williams's claims will be dismissed. The § 2255 Motion (ECF No. 355) will be denied. Williams's Motions (ECF Nos. 392, 400) seeking an expedited resolution of his § 2255 Motion will be denied as moot. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Williams has not satisfied this standard. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Williams and counsel for the Government.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: August 5, 2014
Richmond, Virginia